UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **KENNETH D. JACKSON** | : | **DOCKET NO. 18-cv-0589** |
| **REG. # 68790-080** | | **SECTION P** |
| **VERSUS** | : | **UNASSIGNED DISTRICT JUDGE** |
| **UNITED STATES OF AMERICA** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by pro se petitioner Kenneth D. Jackson. Jackson is an inmate in the custody of the Bureau of Prisons and is currently incarcerated at the Federal Correctional Institution at Oakdale, Louisiana ("FCIO").

This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of this court. For the reasons stated below, **IT IS RECOMMENDED** that the petition be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

**I.**
**BACKGROUND**

Pursuant to a plea agreement, Jackson was convicted in the United States District Court for the Western District of Texas of one count of possession with intent to distribute narcotics, a violation of 21 U.S.C § 841(a). *United States v. Jackson*, No. 1:09-cr-00555 (W.D. Tex. Mar. 29, 2018). On May 24, 2010, he was sentenced to a 180 month term of imprisonment. *Id.* at docs. 36, 38. He sought relief in that court under 28 U.S.C. § 2255, based on counsel's alleged failure to file

a notice of appeal but voluntarily dismissed that motion without prejudice. *Id.* at docs. 53, 54. He filed a motion to reduce sentence on or about March 14, 2017, which the court construed as a § 2255 motion. *Id.* at doc. 62. The court dismissed that motion under Rule 41(b) of the Federal Rules of Civil Procedure. *Id.* at docs. 64, 65. He then filed a "Show Cause Motion to United States v. Hinkle Relief" on or about February 16, 2018, which the court also construed as a § 2255 motion. *Id.* at doc. 68. Jackson then voluntarily dismissed that motion. *Id.* at docs. 71, 72.

Jackson then sought relief under 28 U.S.C § 2241, originally filing the petition in the United States District Court for the Western District of Texas. Doc. 1. That court transferred the matter to this district, which has jurisdiction over the matter. Doc. 3; *see Lee v. Wetzel*, 244 F.3d 370 (5th Cir. 2001). Here Jackson claims that he is entitled to relief based on *Descamps v. United States*, 133 S.Ct. 2276 (2013), *Mathis v. United States*, 136 S.Ct. 2243 (2016), and *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016), because under *Hinkle* his conviction(s) in Texas state court no longer qualify as controlled substances offenses for the career offender enhancement of the United States Sentencing Guidelines, §§ 4B1.1(b) and 4B1.2. Doc. 1, pp. 4–6. He also brings a claim of ineffective assistance, alleging that counsel impeded his ability to seek relief through § 2255. *Id.* at 6–7. He seeks resentencing based on *Hinkle* and amendments to the Sentencing Guidelines. *Id.* at 7–8.

## II.
### LAW & ANALYSIS

*Habeas corpus* petitions filed pursuant to 28 U.S.C. § 2241 are generally used to challenge the manner in which a sentence is executed. *See Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000). A motion to vacate sentence filed pursuant to 28 U.S.C. § 2255 allows federal inmates to collaterally attack the legality of their convictions or sentences. *Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990). Here Jackson collaterally attacks his incarceration, arguing that

he has been convicted of a nonexistent offense. Therefore, his claim should be advanced in a motion to vacate.

The savings clause of 28 U.S.C § 2255 permits a petitioner to seek *habeas* relief under § 2241 when the remedy provided under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). "A § 2241 petition is not, however, a substitute for a motion under § 2255, and the burden of coming forward with evidence to show the inadequacy or ineffectiveness of a motion under § 2255 rests squarely on the petitioner." *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001). The fact that a prior motion was unsuccessful, or that the petitioner is unable to meet the statute's second or successive requirement, does not make § 2255 inadequate or ineffective. *Id.* Instead, Jackson must demonstrate the following to satisfy § 2255's savings clause: (1) that his claim is based on a retroactively applicable Supreme Court decision establishing that he may have been convicted of a nonexistent offense, **and** (2) that his claim was foreclosed by circuit law at the time when it should have been raised in his trial, appeal, or first § 2255 motion. *Reyes-Requena v. United States*, 243 F.3d 893, 903–04 (5th Cir. 2001).

Jackson relies on *Mathis* and *Hinkle*, supra, to show that he is entitled to proceed under the savings clause. He uses these cases to attack a sentencing enhancement, however, rather than allege that he was convicted of a nonexistent offense. Such a claim cannot satisfy the first prong of the *Reyes-Requena* test. *Padilla v. United States*, 416 F.3d 424, 427 (5th Cir. 2005); *Kinder v. Purdy*, 222 F.3d 209, 213–14 (5th Cir. 2000). Likewise, Jackson's ineffective assistance claim does not satisfy *Reyes-Requena*'s first prong, because it relates only to the impediments counsel allegedly created to post-conviction review.

Jackson fails to show any right to seek collateral review through a § 2241 petition, and so the court lacks jurisdiction to consider his claims. *Christopher v. Miles*, 342 F.3d 378, 379 (5th

Cir. 2003). He may instead test his claims in the trial court, under the standards for filing a successive § 2255 motion. *See* 28 U.S.C. § 2255(h)

### III.
#### CONCLUSION

For the reasons stated above, **IT IS RECOMMENDED** that this matter be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 20th day of June, 2018.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE